UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **LILLIAM E. NIEVES RIVERA** and **DANIEL A. ROMÁN RODRÍGUEZ**<br><br>**Plaintiffs**<br><br>v.<br><br>**MACRO COMPANIES, INC.; MACRO OIL COMPANY; EMERGENCY FUEL MANAGEMENT; A, B,** and/or **C INSURANCE COMPANIES; D, E,** and/or **F INSURANCE COMPANIES; JAMES, JANE** and **JOHNSON DOE**<br><br>**Defendants** | **CIVIL NO.**<br><br>**DAMAGES**<br>**PLAINTIFFS DEMAND TRIAL BY JURY** |

## COMPLAINT

**TO THE HONORABLE COURT**:

**NOW COME** Plaintiffs **Lilliam E. Nieves Rivera** and **Daniel A. Román Rodríguez**, represented by the undersigned attorney and most respectfully state, allege and pray as follows:

### PRELIMINARY STATEMENT

1. Plaintiffs Lilliam E. Nieves Rivera and Daniel A. Román Rodríguez, hereby bring this action under Puerto Rico local tort law, 31 L.P.R.A. § 5141 et. seq., seeking compensatory damages to redress the physical and emotional damages suffered by both of them due to the exclusive and inexcusable crass negligence of the Defendants.

2. As a direct consequence of the acts and/or omissions set forth herein, plaintiffs have suffered and continue to suffer severe emotional damages which include, but are not limited to, pain and suffering, emotional distress, and mental duress, in addition to the

physical injuries suffered by both.

3. Lilliam E. Nieves Rivera and Daniel A. Román Rodríguez underwent a terrible car crash on October 10, 2017, while driving on Road #22 towards Bayamón, after a truck owned/operated by Defendants that was leaking a liquid substance onto the pavement caused the car crash.

## JURISDICTION AND VENUE

4. The United States District Court for the District of Puerto Rico has jurisdiction over this action under 28 U.S.C. § 1332 since the matter in controversy exceeds the sum of **seventy-five thousand dollars ($75,000.00)**, exclusive of interests and costs, and is between citizens of different states.

5. Plaintiffs are individuals who reside in Puerto Rico.

6. All defendants are legal entities or corporations domiciled, incorporated and/or which have their principal place of business in the State of Louisiana.

7. Pursuant to 28 U.S.C. § 1391(a), venue is proper in the District of Puerto Rico because the events that justify the causes of action occurred in this district.

## PARTIES

*Plaintiffs*

8. **Lilliam E. Nieves Rivera** is of legal age, citizen of the United States, domiciled and a resident of Puerto Rico. Plaintiff Nieves Rivera resides in Las Palmas Ave. 1048 Cond. Bahía Apt. 216, San Juan 00987.

9. **Daniel A. Román Rodríguez** is of legal age, citizen of the United States, domiciled and a resident of Puerto Rico. Plaintiff Román Rodríguez resides in Las Palmas Ave. 1048 Cond. Bahía Apt. 216, San Juan 00987.

*Defendants*

10. **Macro Companies Inc.** is a corporation that owns/operated the vehicle, a Peterbilt Truck 2002, license plate no. P219528, that caused the accident. Its address is 101 Millstone Road, Broussard LA 70518.

11. **Macro Oil Company** is a corporation that owns/operated the vehicle, a Peterbilt Truck 2002, license plate no. P219528, that caused the accident. Its address is 101 Millstone Road, Broussard LA 70518.

12. **Emergency Fuel Management** is a corporation that owns/operated the vehicle, a Peterbilt Truck 2002, license plate no. P219528, that caused the accident. Its address is 101 Millstone Road, Broussard LA 70518

13. **A, B and/or C Insurance Companies** are companies that, upon information and belief, provide liability coverage for the truck mentioned in the previous paragraphs. Upon information and belief, A, B and/or C Insurance Companies solidarily liable to plaintiffs for damages caused by the insured truck. They are here denominated with fictitious names that will be amended as soon as their names become known to Plaintiffs.

14. **D, E and/or F Insurance Companies** are insurance companies legally authorized to do business in the United States and Puerto Rico that may provide liability coverage that make them liable for the facts described in this Complaint. They are denominated with fictitious names that will be amended as soon as their real names become known to Plaintiffs.

15. **James, Jane and Johnson Doe** are individuals who may be liable for the occurrence of this accident. They are denominated with fictitious names that will be amended as soon as their real names become known to Plaintiffs.

16. All allegations and causes of action against any Defendant should be understood as also made against all other Defendants.

## GENERAL FACTUAL ALLEGATIONS

17. On October 10th, 2017, Plaintiff Nieves Rivera was driving her mother's car, a Toyota Corolla 2016, license plate no. ISH-051, on expressway #22 towards Bayamón, Puerto Rico. Plaintiff Román Rodríguez was accompanying her on the passenger seat.

18. While she was driving, Plaintiff Nieves Rivera noticed that a few cars in front of her, there was a truck with the name "MACRO" on it, which seemed to be the name of the company who owned/operated it. She then noticed that said truck was leaking a liquid transparent substance from the back onto the pavement, causing it to get slippery.

19. After Plaintiffs and the other vehicles passed by the toll that is located on the opposite side of the road, the lanes were reduced from four (4) to two (2), reason why the vehicles on the right lanes tried to change to the left lanes. Plaintiff Nieves Rivera intended to do the same and put her signal light to turn left. She then noticed that the police vehicle that was escorting the MACRO truck moved to the left lane to stop the truck, upon information and belief, because it was leaking a liquid substance presumed to be gasoline or diesel.

20. Both the police car and the MACRO truck began slowing down, while Plaintiff Nieves Rivera was still trying to move to the left lane. As the MACRO truck reduced velocity, the amount of liquid pouring out of it increased. Eventually, the police car stopped traffic on the left lane to deal with the liquid substance leaking from the MACRO truck.

21. When she did not have vehicles in front of her for various feet, while hitting the breaks to slow down, Plaintiff Nieves Rivera felt that her car was trembling but was slowing down. Plaintiff Nieves Rivera then felt she was suddenly hit by another vehicle from behind, later established to her, a Nissan Van NV1500, which caused Plaintiffs' vehicle to propel forward towards the left lane, when she hit the car in front, a Toyota Yaris. Plaintiffs' vehicle continued to propel forward, until eventually reaching a halt with the Nissan Van blocking them on the right side.

22. Plaintiffs began screaming and tried to get out of the car, fearing that the truck and their car could explode due to the collision. After being able to exit the vehicle, Plaintiff Nieves Rivera saw Mr. José Soto, the driver of the Toyota Yaris she had impacted; she then saw the driver of the MACRO truck, who carried an ID that identified him as an employee of MACRO, and Mr. Otto Bauzá, a translator.

23. Plaintiff Nieves Rivera was left feeling confused and sad due to the state in which her mother's car was in, and she decided to call her to let her know what had occurred. Due to the nervous state in which Plaintiff Nieves Rivera was, Plaintiff Román Rodríguez decided to take her cellphone and speak to her mother; in doing so, he walked a few feet from where they were standing, when Plaintiff Nieves Rivera suddenly noticed that Plaintiff Román Rodríguez had fainted. He was pale, disoriented and could not answer back to Plaintiff Nieves Rivera. After some minutes passed by, he was able to sit down and then stand up.  Paramedics examined Plaintiff Rodríguez Román, took his vitals and told them to sit down on the cement structures that divided the expressway lanes to drink some water.

24. State policemen, firefighters, ambulances and two trucks then arrived at the scene of the accident. All of these different officials asked them different questions, including two (2)

state policemen who asked them what had happened. Plaintiffs were very confused and overwhelmed with the accident and everything that was happening. Plaintiff Nieves Rivera was worried for her partner, Plaintiff Román Rodríguez, who was going to be taken in ambulance to the hospital.

25. The accident report shows how four (4) vehicles were involved in the collision: (1) Nissan Van NV1500 driven by Emanuelle Cortés Irizarry; (2) Plaintiffs' vehicle; (3) Toyota Yaris driven by José L. Jiménez Soto; and (4) Peterbilt truck driven by Joshua F. Joseph of "Macro Fuel Management".

26. Said report indicates the following: *"[w]hile the driver of vehicle 1 was traveling east to west on road #22, when arriving at Km. 11, did not keep a prudent distance and impacted the back part of vehicle 2 with the front part of his vehicle, who in turn impacted the back part of vehicle 3 with his front part. Immediately then vehicles 1 and 2 impact the back part of vehicle 4 with their front parts. Vehicle 4 is a truck whose driver had stopped on the right lane due to mechanical problems – a hosepipe had broken, causing a loss of part of its cargo (diesel). Mr. Daniel Román Rodríguez was injured and seen by paramedics of Sunday Ambulance. Paramedic Rodríguez #3452 transported to Doctors' Hospital in Bayamón. Damages not estimated. Airbags were not activated."*

27. After the accident, Plaintiffs were taken by ambulance to Doctors' Center Hospital Bayamón to be evaluated. After being evaluated, Plaintiff Román Rodríguez had neck and chest X-Rays performed, which showed that he had a muscle spasm. He was given two (2) shots of pain medication and a prescription for muscle relaxants.

28. After being evaluated, Plaintiff Nieves Rivera had a right hip X-Ray performed and was prescribed Motrin.

29. On October 30th, 2017, Plaintiffs went to see Dr. Sylvio Martínez Ruiz, a general physician. After examining both of them, Dr. Martínez Ruiz recommended that they each see a Physiatrist, and that Plaintiff Nieves Rivera have back X-Rays performed.

30. Both Plaintiffs began receiving treatment through the *"Administración de Accidentes de Automóviles"* (ACAA) on November 14th, 2017, with Physiatrist Dr. José Guillermo Amy Sánchez. Plaintiffs were not able to obtain an earlier appointment due to all of the inconveniences that had emerged after the passing of Hurricane María in Puerto Rico.

31. Plaintiff Nieves Rivera was told by Dr. Amy Sánchez that she had a back-muscle spasm. Dr. Amy Sánchez recommended that both Plaintiffs receive physical therapy twice per week for several weeks.

32. Plaintiff Nieves Rivera felt discomfort on the right side of her back. This included feeling her back constraining as she breathed; and even during her third physical therapy session, she felt that her right shoulder blade would get stuck. Her physical therapy sessions included low voltage electric current therapy on her neck and back, along with weights exercises. Most of the treatment focused primarily on the right side of her back. Plaintiff Nieves Rivera had variating low back pain and would feel that her back clinched when she had stress. She also sometimes felt that her right leg would get stuck halfway. Plaintiff Nieves Rivera had <u>none</u> of these symptoms prior to the vehicle accident. She received a total of eleven (11) physical therapy sessions from November 2017 through February 2018.

33. Plaintiff Román Rodríguez had neck and lower back pain. His physical therapy treatment plan was focused primarily on his lower back, where he received massages and low voltage electric current therapy. He also received low voltage electric therapy on his neck. He received a total of seven (7) physical therapy sessions from November through

7

December 2017. Plaintiff Román Rodríguez still feels discomfort on his neck and lower back.

34. On August 8th, 2018, Dr. Amy Sánchez then referred Plaintiff Román Rodríguez to a Pain Anesthesiologist for evaluation due to persistent low back and neck pain after the accident. Therefore, he went to see Dr. Jan Kraemer at the "Instituto Manejo de Dolor de Puerto Rico", who recommended that he receive a lumbar block procedure. This procedure was performed on August 17th, 2018; and on that same day, Dr. Kraemer recommended that another procedure be performed on August 21st, 2018.

35. After the accident, the Toyota Corolla that Plaintiff Nieves Rivera was driving at the time of the accident was examined by Universal Insurance Company, entity that had issued a policy for said vehicle. The insurance company declared the vehicle a total loss.

36. The extent of the consequences of this accident is still unknown, as plaintiffs have not been examined by an expert in physical and/or emotional damages.

## CAUSES OF ACTION

37. Plaintiffs re-allege each and every allegation stated in the preceding paragraphs as if fully set forth herein.

38. Pursuant to the laws of Puerto Rico, a person who by negligence or fault causes damages to another person must repair the damage he has caused. Puerto Rico Civil Code, Art. 1802, Title 32 L.P.R.A. § 5141.

39. Pursuant to Article 1803 of the Puerto Rico Civil Code, Title 32 L.P.R.A. § 5141, the owners or directors of a company or corporation are responsible for the damages caused by the negligent or faulty actions of its employees or agents.

40. Likewise, an insurance company is responsible, in a separate and independent manner than its insured, of every negligent or faulty action committed by its insured against another person/entity. Puerto Rico Insurance Code, 26 L.P.R.A. 101, *et seq.*

41. In order for a torts cause of action to prosper, three elements must concur: 1) damages; 2) a wrongful or negligent act or omission; and 3) a connection between the damages suffered and the wrongful or negligent act or omission. *Blas v. Hospital Guadalupe*, 146 DPR 267, 322 (1998).

42. This violent car crash and the damages suffered by Plaintiffs was directly caused by the negligent acts of Defendants. Defendants drove the vehicle while it was leaking a substance believed to be oil or fuel, in a reckless manner. This conduct reflects clear scorn towards the safety of persons in other cars. These actions were in clear violation of Puerto Rico's laws and caused a collision that could have been fatal.

43. Defendants Macro Companies Inc., Macro Oil Inc., and Emergency Fuel Management, as owners/operators of the Peterbilt truck, are liable for the damages caused by its truck.

44. **A, B and/or C Insurance Companies**, as the insurance companies who, upon information and belief, provide liability coverage for the car, are solidarily liable to plaintiffs for damages caused by the insured car.

45. **Insurance Companies F, G and/or H**, as other insurance companies may provide liability coverage that make them liable for facts similar to the ones described in this Complaint.

46. **James, Jane and Johnson Doe** are individuals who may be liable for the occurrence of this accident.

47. Defendants have made no good faith effort to repair the damages suffered by Plaintiffs, which are known to them.

48. Defendants are also liable to Plaintiffs for a reasonable value of attorney's fees, costs and expenses of this legal action and Plaintiffs are entitled to prejudgment interest.

## **DAMAGES**

49. Plaintiffs re-allege each and every allegation stated in the preceding paragraphs as if fully set forth herein.

50. As a direct result of the actions and/or omissions of Defendants, Plaintiffs Lilliam E. Nieves Rivera and Daniel A. Román Rodríguez have suffered physical and emotional damages, and continue to suffer from them today.

51. After the accident, Lilliam E. Nieves Rivera was suffering from neck and back pain, which required medical treatment and physical therapy sessions. Lilliam E. Nieves Rivera continues to suffer from intermittent lower back pain, which has required her to seek additional medical attention. Every time she is involved in some type of situation where she feels stress or tense, she can feel her neck and back tense up, causing extreme discomfort.

52. After the accident, Lilliam E. Nieves Rivera has felt uncomfortable when driving vehicles, since she continues to worry that she might be involved in another vehicle accident. She suffers from anxiety when she has these thoughts and feels that she is constantly driving with fear of having an accident.

53. After the accident, Daniel A. Román Rodríguez began suffering from constant back pains, which he continues to suffer. He cannot remain sitting down or standing up for long periods of time, since it worsens his back pain. He also cannot lift anything very heavy, since he does not have the same strength as he did before the accident.

54. After the accident Daniel A. Román Rodríguez began having strong headaches stemming from his neck, which he never felt before. These headaches debilitate him to the point where he cannot function as he would normally do.

55. After the accident, Daniel A. Román Rodríguez gets tense when he has to get into a car and travel as a passenger, since his mind drifts back to the memories from the accident he had. He also gets stressed out each time he feels the driver of a vehicle hitting the breaks, and he usually looks back to see if there are any cars close by that could impact the vehicle he is in.

56. Both Plaintiffs are negatively affected by seeing how tense each other gets every time they get inside of a vehicle, as they each still have fears from the accident they suffered together.

57. Lilliam E. Nieves Rivera's damages are valued at no less than $100,000.00.

58. Daniel A. Román Rodríguez' damages are valued at no less than $150,000.00.

59. Also, as a direct result of the actions and/or omissions, the common law marriage comprised between both Plaintiffs has suffered or will suffer in the future economic damages because of the expenses necessary to cover their medical bills and transportation for the treatments. They have incurred in gasoline and parking expenses when attending medical appointments for evaluation and treatment.

60. The damages suffered by the common law marriage formed between both Plaintiffs are valued at no less than $2,000.00.

## DEMAND FOR JURY TRIAL

61. Plaintiffs demand a trial by jury as to all claims and issues alleged herein.

**WHEREFORE** the Plaintiffs, request and pray that the Honorable Court will grant the instant Complaint in all respects and judgment entered in their favor awarding them the damages currently estimated in an amount no less than **$252,000.00** as well as the costs of this action, together with prevailing interest and reasonable attorneys' fees for obstinacy and such other equitable relief as the Court may deem just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 3rd day of October 2018.

**S/DENNIS A. SIMONPIETRI MONEFELDT**
**Dennis A. Simonpietri Monefeldt**
**U.S.D.C.P.R. No. 1179 m 13**
16-A Regina Medina St., Santa Paula
Guaynabo, P.R. 00969
Tel. (787) 731-5001/ 790-4898
Fax (787) 731-5001
Email: dennis.simonpietri@gmail.com
*(ahc)*